The final case being argued today is Edwards v. McMillen Capital, LLC McMillen Capital is on submission and we have Mr. Edwards on Zoom Can you hear me okay, Mr. Edwards? Looks like I can. Can you hear me? It's a little bit low. I don't know if we can turn up the volume here. Just wait one second. All right, I think we're good. Go ahead, Mr. Edwards. You have five minutes. Yes, we were here before on appeal. The district court, actually the appellees, asked the district court to dismiss my complaint on the grounds of arrest to the collar, collateral to the collar, felonious state of claims, and being time barred. And they also said that I didn't have the right to use the state's assets. Judge Underhill of the district court granted the first motion to dismiss based upon group appellant. This court of appeals for the Second Circuit remanded and reversed that decision and sent it back for further proceedings. The appellees then brought a second motion to dismiss for the same reasons, the grounds rather, other than group appellant. And Judge Underhill denied it based upon arrest to the collar, collateral, felonious state of claims, and my inability to use the state's assets, but he granted it. And we're here today because I feel that it's not, I've alleged that it's not beyond a reasonable doubt that I can prove any of the facts that I've alleged. And actually, Judge Underhill actually agrees with that. He says in his ruling, Judge Underhill says that it's not, to be specific, he says, Judge Underhill in his ruling says, because the Second Circuit has not articulated a standard for determining whether a loan is made for business purpose, courts determining whether it still applies to a particular transacted must conduct a fact-specific inquiry to determine the primary purpose of the loan. So Judge Underhill is acknowledging that the heart of the suit is the primary purpose of the loan. I have alleged that this is a loan to buy my personal residence. Fannie Mae sold this house only to potential buyers who would own and occupy the home for at least a year. And I approached the appellee for a loan. I sent a Fannie Mae contract to the appellee, which said that I had to own and occupy the docket, the home, for at least one year as my primary residence. I had to sign a writer to the contract stating that I intended to own and occupy the home as my primary residence. I sent all the documents to McMillan. And his closing attorney sent an email to me saying, hey, Mr. Edwards, do you realize you have to own and occupy this house? I said, well, that's the purpose of trying to buy my home. And the answer is yes. He then sent an—he, meaning the appellant to McMillan—sent an approval letter approving my loan request to purchase my home and make repairs to the home. And in his loan commitment letter, he indicated also, consistent with the Fannie Mae contract, that I had to own and occupy the home for at least one year. And based upon—I know we're not here on the merits today, but based upon the Consumer Reverse Reserve Board, which actually interprets pillars, and it's called Regulation C, they define what—they tell us, they give us guidance on what is a consumer loan and what's a commercial loan. And a consumer loan is a loan where the proceeds are used primarily for personal, household, and family purposes. And a primary residence is for personal, household, and family purposes. What McMillan did was, his closing attorney actually offered to represent myself and McMillan at closing. Offered dual representation. I accepted it. I paid for him to represent my interest. And at closing, what McMillan did was, he actually put a label on, in the loan and the mortgage, that this is a commercial transaction. And his motive to do that was, he wanted to charge 25 percent interest, 30 percent default interest, make the loan a one-year loan, and actually make a balloon payment in one year for me to pay principal and interest. And that's not a—I'm alleging that's not a consumer loan. Mr. Edwards, you just have one minute left, and I just wanted you—the district court, and I understand your points with respect to the merits, but the district court found that at least the TILA claims and the CUPTA claim were untimely. That there was a timeliness issue there. Do you want to just spend a few seconds on why that's not correct? Yeah, it's incorrect. It's starting to be so long. That's OK. Open-ended transactions, which I'm alleging this is. Discovery rule of five. And I could not actually invoke discovery after I have to plead extraordinary circumstances. And I pled attorney misconduct. And attorney misconduct in case law that I have is extraordinary circumstances. I had no—I acted with diligence. I hired an attorney, and that attorney failed to use normal, reasonable competence of an attorney and tell me that this was an illegal contract. I didn't discover this until actually the same attorney, Ed McMillan, threatened me with foreclosure in November of 2013. Then I contacted another attorney, and the other attorney brought my attention to the violation. So I discovered it in 2013, December. And Judge Vonderhill says this is a three-year statute of limitations. So I had until three years from December 2013 to file. And I filed in June 15th. I let that attorney file. In addition, equitable tolling. Just very quickly. I'll give you 30 seconds. Go ahead. OK. Yeah. The thief who thefts a bail, a regular worthless bail made as a empty bail, actually his concealment, his fraud is self-concealing. And case law says if the fraud is self-concealing, as long as I act with due diligence, and I contacted another attorney later on and found it out, the period is full until I discover it. So I believe filler, cover, and all of the claims that I have are timely filed. The filler and cover are timely filed. And the other three, causes of action, negative, negative, restrictive, most of the threats, reach of the client, cover of the good faith, all state a claim. And the reason is, in closing, Judge Vonderhill, that this centers the whole, all of my causes of action, centers on whether the loan is commercial or consumer. If the loan is consumer, every single statute that I allegedly violated, it's possible, very likely, that the court could agree with me. Because, in fact, those statutes apply to residential loans. In Bentley, she claimed the same thing, but she had a closed end loan where the statute didn't apply. So there's no possible way to prove it. All right. All right, Mr. Edwards. I think we understand your arguments. We appreciate you presenting them today. All right. We're going to reserve decision. Have a good day. My pleasure. Thank you. All right. That completes the business of the court today. Thanks to Ms. Beard. I'll ask that she adjourn the court. Court is adjourned. Thank you.